961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Peter J. NINEMIRE, Defendant-Appellant.
 No. 91-3239.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1992.
 
 Before McKAY, Chief Judge, BARRETT, Circuit Judge, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant claims the trial court was clearly erroneous in refusing to give appellant a two-level reduction in offense level for acceptance of responsibility. The burden to demonstrate acceptance of responsibility is on the appellant. The fact that he plead guilty and recited to the court that he accepted responsibility does not, standing by itself, require the trial court to find that he had accepted responsibility.
 
 
 3
 In view of the evidence that he had been uncooperative in explaining his whereabouts during the period of his failure to report for sentencing together with the very limited evidence presented by him of his acceptance of responsibility adequately support the trial court's decision not to grant a two-level reduction.
 
 
 4
 The decision of the trial court was not clearly erroneous. AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, Chief Judge for the United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3